IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL POGUE and PAUL POGUE, in his capacity as owner of SURVEYORS' PARK ] | ] |
| Plaintiff, | ] |
| Vs. | ] Civil Action No. 2:06CV148-MHT |
| TONY CHANDLER, in his individual and official capacity, SANDY G. ROBINSON, a for-profit Representative of INTERNATIONAL PAPER COMPANY, DANNY CLARK, in his individual and official capacity, and A, B, & C who are those people, partnerships, associates, corporations or agents who participated in the actions made the basis of this Complaint and who are presently unknown to the Plaintiff, but who will be added as Defendants when ascertained. | ] Jury Demand |
| Defendants. | ] |

# COMPLAINT

## I. Introduction and Jurisdictional Statement

1.  This is a civil action seeking compensatory and punitive damages, along with injunctive relief, for the deprivation of Plaintiff's federal civil rights under color of state law.  More specifically, Plaintiff claims that through custom, policy and/or practice, the individual defendants, employees of the Alabama Forestry Commission,

1

denied Plaintiff an opportunity to file criminal complaints against a person because he was a member of the white race and the owner of Ingram's Company. Plaintiff is a member of the black race and the owner of Surveyors' Park. By the acts of Tony Chandler and Danny Clark, Plaintiff was deprived of his rights under 42 U.S.C. 1983 and also denied equal protection and due process of law as guaranteed and protected under the Fourteenth Amendment to the United States Constitution and Plaintiff's rights under 42 U.S.C. 1985.

2. The jurisdiction of this honorable Court is invoked under 28 U.S.C. 1343 et seq., this being an action under the laws of the United States of America as above described. This suit is filed within of year of the cause of action.

## 2. **PARTIES**

3. Plaintiff, Paul Pogue, is over the age of twenty Years and he is a resident of Alabama.

3(a). Plaintiff in his capacity as Surveyors' Park, in such capacity, Plaintiff is the owner of a development known to be a Park and located within the State of Alabama.

4. Defendant, Tony Chandler is an employee of the

Alabama Forestry Commission, and is here by sued in both his individual and official capacities; his address is 2584 Ridge Road, Brewton, Alabama 36426.

5. Defendant, Danny Clark is an employee of the Alabama Forestry Commission, and is here by sued in both his individual and official capacities; his address is 1349 County Road 61, Clanton, Alabama 35046.

6. Defendant, Sandy G. Robinson, is a for-profit professional representative for International Paper Company; her address is 63 South Royal Street, Suite 700, Mobile, Alabama 36602.

### 3. FACTS

7. Plaintiff is a member of the black race and the owner, developer and promoter of Surveyors' Park and all individual defendants are members of the white race. Plaintiff's mailing address is 301 Kahn Street, Montgomery, Alabama 36104.

8. Within a year of the filing of this Complaint, Plaintiff's Surveyors' Park was announced to the public at large.

9. Within two years of the filing of this Complaint, Plaintiff's Surveyors' Park sustained and experienced "insurgency" and "terrorist" style ground/soil damage and

obliteration of unmanufactured forest products within the State of Alabama.

10. Within a year of the filing of this Complaint, Plaintiff, voiced his complaint of concern to the Alabama Forestry Commission, located at 513 Madison Avenue, Montgomery, Alabama involving matters set forth at sentence number 9.

11. Defendant, Alabama Forestry Commission's dispatcher contacted an Alabama Forestry Commission employee, who spoke by phone with Plaintiff and assured Plaintiff that other Alabama Forestry Commission employees would visit Plaintiff at the designated place of concern.

12. Within a year of the filing of this Complaint, Plaintiff discovered hidden timber theft equipment and machinery on the ground of Surveyors' Park.

13. A spectator identified the found equipment and machinery as that equipment which most likely severed unmanufactured forestry products from Plaintiff's Surveyors' Park's soil.

14. Jimmy Ingram, is a person believed to be known to International Paper Company and owner of the equipment described in sentence 12 and 13.

14(a). Jimmy Ingram is a person believed to be known to the Alabama Forestry Commission and the owner of the equipment described in sentence 12 and 13.

15. The spectator identified Jimmy Ingram to be the registered owner of the equipment and or machinery referred to in paragraphs 12 and 13.

16. Within a year of the filing of this Complaint, Plaintiff discovered that Surveyors' Park was invaded by a "blue van" occupied by seven white citizens. Oil and other environmental hazardous debris were left on the ground of Surveyors' Park

17. Within a year of the filing of this Complaint, Plaintiff learned that an International Paper Company employee was the first to greet and meet with the Alabama Forestry Commission employees on the grounds of Surveyors' Park.

18. Within a year of the filing of this Complaint, Plaintiff learned that the International Paper Company employee met with the Alabama Forestry Commission employees on the grounds of Surveyors' Park prior to Plaintiff's arrival to Surveyors' Park.

19. Within a year of the filing of this Complaint, Plaintiff met with Alabama Forestry Commission's

employee, Danny Clark and voiced concern about the shape and condition of Surveyors' Park. Plaintiff encouraged Clark to invoke the applicable laws under the circumstances and condition of Surveyors' Park.

20. Plaintiff hand delivered a copy of a news release about Surveyors' Park to Danny Clark. Ingram has not been charged with theft of unmanufactured nor manufactured forest products of private property.

20(a). Clark did not prepare a report in connection with theft of property, nor did he seize Ingram's equipment, including a log truck, a shredder and a loader.

21. Defendant, Danny Clark informed Plaintiff that services would be rendered to address the condition of Surveyors' Park. Clark did not timely release a documented and/or witnessed account of his area of enforcement and the availability of services to be offered under the circumstances pursuant to the agency laws and related forestry laws of Alabama.

22. Defendant, Tony Chandler, and Defendant, Danny Clark, employees of the Alabama Forestry Commission, denied Plaintiff an opportunity to file criminal complaints and together, and or in part, fabricated a forestry investigation, and failed to provide Plaintiff with the same and similar services as was provided to white citizens

6

that experienced the same and similar treatment involving the equipment of Jimmy Ingram.

23. Chandler and Clark have failed to invoke the criminal procedure law against Jimmy Ingram (a white citizen), because of Plaintiff's race and to this day has failed to provide Alabama Forestry Commission services pursuant to the Alabama Forestry Commission's *Forestry and Related Laws publication*.

24. Clark's and Chandler's job performance amount to intentionally and deliberately malfeasance and misfeasance. Plaintiff, a member of the black race, remains deprived of his rights under 42 U.S.C. 1983; 42 U.S.C. 1985 and the equal protection and due process of law as guaranteed and protected under the Fourteenth Amendment to the United States Constitution and the Alabama Constitution.

25. Prior to the filing of this Complaint, the Alabama Forestry Commission attempted to falsify Macon County, Alabama property as the property of Plaintiff.

26. Tony Chandler and Danny Clark failed to invoke the enforcement provisions of the *Forestry and Related Laws publication* because to do so would be a service to a black citizen and a black citizen's Park development.

27. Chandler and Clark failed to track down and preserve

Surveyors' Park unmanufactured forest products before they escaped to the primary and secondary forest industries.

28. Tony Chandler and Danny Clark failed or refused to arrest the trespassers to Surveyors' Park, those people and/or primary and secondary forest industries who came in contact with Plaintiff's Surveyors' Park un-manufactured and manufactured forest products.

29. Clark and Chandler did not visit nor inspect the primary and secondary forest industries to determine the rightful Macon County, Alabama fiber property owner.

30. Clark and Chandler failed to seize the inventory and financial books of the forest industries of Alabama to locate the unmanufactured and manufactured forest products of Surveyors' Park.

31. Clark and Chandler have manipulated the acts and events to such an extent that their failures to report the truth by design have a negative impact on Plaintiff's ability to report the whereabouts of Surveyors' Park unmanufactured and manufactured forest products.

32. The Alabama Forestry Commission employees Clark and Chandler attempted to mislead Plaintiff to believe and accept a Macon County, Alabama forest product report to be that of Plaintiff's forest products report which would have originated in Perry County, Alabama.

33. Tony Chandler refused or failed to fax to Plaintiff the Alabama Forestry Commission's report, but Chandler and Clark aided or abetted International Paper Company by faxing to International Paper Company their pretext of a cover up report believed to contain Macon County, Alabama data.

34. The Alabama Forestry Commission's report was discovered to be in the custody and control of a white citizen, Sandy G. Robinson and said report and its entirety was used or otherwise fabricated for the use of deflecting Plaintiff's federal efforts to redress a grievance by invoking the tort theory of conversion against International Paper Company.

35. Defendant, Sandy G. Robinson, conspired with the Alabama Forestry Commission employees, Clark and Chandler to falsify the truth as to International Paper Company involvement and contact with Plaintiff's Surveyors' Park's manufactured and unmanufactured forest products.

36. Plaintiff, and Plaintiff is his capacity as Surveyors' Park was humiliated and deprived of his federally protected civil rights.

### 4. COUNT ONE
**Violation of 42 U.S.C. 1981(a) under 42 U.S.C. 1983.**

37. Plaintiff re-alleges paragraphs 1 thru 36 above as though specifically set forth herein

9

38. This lawsuit is a lawsuit filed for damages and other relief resulting from malfeasance perpetrated by the Alabama Forest Commission employees Tony Chandler and Danny Clark and a claim as Plaintiff alleges that International Paper Company did conspire with the state actors and with its private actor Sandy G. Robinson to damage the rights and freedoms of Plaintiff and Plaintiff's right and rights to redress a grievance free from the acts of state employees in concert with a private actor for the benefit of a private company or corporation; namely International Paper Company.

39. A copy of the false Alabama Forestry Commission's report is attached hereto and marked Exhibit "A" in support of the Complaint.

40. A copy of Plaintiff's letter to International Paper Company alerting the Company about theft of property is attached hereto and marked Exhibit "B" in support of the Complaint.

### 4. COUNT ONE
### Violation of 42 U.S.C. 1981(a) under 42 U.S.C. 1983.

41. Plaintiff re-alleges paragraphs 1 thru 40 above as though specifically set forth herein.

42. Plaintiff alleges that the individual employees of the Alabama Forest Commission failed to apply

the Forestry and Related Laws enforcement provisions against Jimmy Ingram, because of Plaintiff's race and because Surveyors' Park is owned by a black citizen. By such acts and omissions, the individual employees of the Alabama Forestry Commission deprived Plaintiff of his right to receive the full and equal benefit of all laws and proceedings for the security of property as is enjoyed by white citizens as guaranteed and protected under 42 U.S.C. 1981(a) and under 42 U.S.C.1983.

WHEREFORE, THESE PREMISES CONSIDERED, Plaintiff prays:

1. That process issue requiring all named defendants to answer this Complaint within the time required by law.

2. That Plaintiff be granted a jury trial wherein he be awarded seventy five thousand dollars ($75,000.00) compensatory damages and one million dollars ($1,000.000.00) punitive damages against each defendant, jointly and severally.

3. That the individual Alabama Forestry Commission employees be enjoined from denying Plaintiff his civil rights as above described.

4. That this honorable Court grant Plaintiff such further relief that it deems just and proper.

5. That this honorable Court compel Tony Chandler and Danny Clark to engage the Federal Bureau of Investigation and the Alabama Bureau of Investigation to assist in the discovery and recovery of Plaintiff's unmanfactured and manufactured products.

6. That this honorable Court compel Tony Chandler and Danny Clark to disclose if they received any benefits from International Paper Company or its representative Sandy G. Robinson for their labor in producing their report.

### 5. COUNT TWO.
**Violation of 42 U.S.C. 1985 and the Alabama Constitution**

43. Plaintiff re-alleges paragraphs 1 thru 42 above as though specifically set forth herein.

44. Plaintiff alleges that Chandler and Clark did all that they could do to unlawfully help, and assist Sandy G. Robinson to reap profit from her services as a professional for hire, for International Paper Company by releasing a pre-text of a "cover up" report. Clark and Chandler chose to bypass and refuse to follow the *Forestry and Related Laws* publication when they were confronted with the duty to assist Plaintiff, which is black and the owner of a Park. Clark and Chandler had to come together with International Paper Company prior to releasing the forestry

report containing Macon County, Alabama data. Clark and Chandler did nothing to help the cause but did almost all they could do to undermine the truth and not report the truth as to the whereabouts of Plaintiff's Surveyors' Park manufactured and unmanufactured forest products.

WHEREFORE, THESE PREMISES CONSIDERED, Plaintiff seeks the same relief in Count Two above and additionally

1. Plaintiff seeks One Million Dollars against International Company and its representative Sandy G. Robinson.

2. Plaintiff prays that this honorable court compel International Paper Company and its representative, Sandy G. Robinson, disclose the whereabouts of Plaintiff's forestry products and Plaintiff's forestry product in their unmanufactured form and in their manufactured form.

3. That International Paper Company by and through its representative disclose all telephone records and correspondences held with Danny Clark and Tony Chandler.

                                    Respectfully submitted,

                                    /s/ Paul Pogue
                                    _____
                                    PAUL POGUE and PAUL POGUE

FOR SURVEYORS' PARK
301 Kahn Street
The Mays Building
Montgomery, Alabama 36104
(334) 561-2240

Done this ___17th___ day of February 2006.

*[signature]*