IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL POGUE and | ) |
| PAUL POGUE, in his capacity as owner of | ) |
| SURVEYORS' PARK, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NUMBER |
| v. | ) |
| | ) 2:-06-cv-148-MHT |
| TONY CHANDLER, et al., | ) |
| | ) |
| Defendants. | ) |

ANSWER

Defendants Tony Chandler and Danny Clark (hereinafter "these defendants")

through their counsel state their answer as follows in paragraphs numbered to

correspond to those of the Complaint (until the Complaint's causes of action which

are legal conclusions):

I. Introduction and Jurisdictional Statement

1. The first sentence of this Paragraph contains preliminary legal averments

which require no substantive response from these defendants.  To the extent that a

response may be deemed necessary to the first sentence, these defendants admit that

the plaintiff is seeking relief under the stated statutes and deny that the plaintiff is

entitled to such relief.  Second sentence denied, except that these defendants admit

that they are employees of the Alabama Forestry Commission.  With respect to the third sentence of this Paragraph, these defendants admit that the plaintiff is a member of the black race.  These defendants are without knowledge sufficient to form a belief as to the truth of the averment that the plaintiff is the owner of Surveyors' Park and so deny same.  Fourth sentence denied.

2. The first sentence of this Paragraph contains preliminary legal averments which require no substantive response from these defendants.  To the extent that a response may be deemed necessary to the first sentence, these defendants admit that the plaintiff is seeking relief under the stated statutes and deny that the plaintiff is entitled to such relief.  These defendants are without knowledge sufficient to form a belief as to the truth of the averment that "this suit is filed within of [sic] year of the cause of action" and so deny the same.

These defendants admit jurisdiction to the extent not precluded under the Eleventh Amendment.  These defendants deny jurisdiction to the extent precluded under the Eleventh Amendment.

2. Parties

3. Admitted.

3(a).  These defendants are without knowledge sufficient to form a belief as to the truth of the averment that the plaintiff has a capacity as Surveyors' Park or that the plaintiff is the owner of a development known to be a Park and located within the State of Alabama and so deny the same.

4. Admitted.

5. Admitted.

6. This Paragraph contains no allegations against either Defendant Chandler or Clark and hence requires no substantive response from them.  To the extent that a response is deemed necessary, these defendants admit the allegations of this Paragraph.

3. Facts

7.  These defendants admit that the plaintiff is a member of the black race and that they are members of the white race.  These defendants admit that the averred address is one of the plaintiff's mailing addresses.  Otherwise denied.

8. These defendants are without knowledge sufficient to form a belief as to the truth of the averment that Surveyors' Park was announced to the public within a year of the filing of the plaintiff's complaint and so deny the same.

9. These defendants are without knowledge sufficient to form a belief as to the truth of the averment and so deny the same. These defendants admit that a three acre portion of a tract of land described as being or near "U.S. Township Number Eighteen North, Section Number Eight, and Range Number Ten at East, in Perry County, Alabama" had an incident of alleged unauthorized cutting of timber in late June and early July 2005 and that they received information that the plaintiff was the owner of said timber.

10. These defendants are without knowledge sufficient to form a belief as to the truth of the averment and so deny the same.

11. These defendants are without knowledge sufficient to form a belief as to the truth of the averment and so deny the same.

12. These defendants admit that the plaintiff discovered timber removal equipment at or near U.S. Township Number Eighteen North, Section Number Eight, and Range Number Ten at East, in Perry County, Alabama, in July 2005. Otherwise denied.

13. These defendants are without knowledge sufficient to form a belief as to the truth of the averment and so deny the same.

14. These defendants are without knowledge sufficient to form a belief as to the truth of the averment and so deny the same.

15. These defendants are without knowledge sufficient to form a belief as to the truth of the averment and so deny the same.

16. These defendants are without knowledge sufficient to form a belief as to the truth of the averment and so deny the same.

17. Denied.

18. Denied.

19. These defendants admit that the plaintiff met with Defendant Clark at or near U.S. Township Number Eighteen North, Section Number Eight, and Range Number Ten at East, in Perry County, Alabama, in July 2005 to complain about alleged unauthorized cutting and/or removal of timber from approximately three acres. Otherwise denied.

20. Admitted.

20(a). These defendants admit that Defendant Clark did not seize any equipment (whomever it may have belonged to) and admit that Defendant Clark wrote only a preliminary report of the incident. Otherwise denied.

21. These defendants admit that Defendant Clark told the plaintiff that he would attempt to assist him and aver that Defendant Clark did so. Otherwise denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. These defendants admit that the wood that was removed from at or near U.S. Township Number Eighteen North, Section Number Eight, and Range Number Ten at East, in Perry County, Alabama, in July 2005 was not "tracked down" as said wood had already been sold to saw mills. Otherwise denied.

28. These defendants admit that they did not arrest anybody at or near U.S. Township Number Eighteen North, Section Number Eight, and Range Number Ten at East, in Perry County, Alabama, in July 2005. Otherwise denied.

29. These defendants can neither properly admit nor deny the allegations of this Paragraph as they assume facts that are untrue. To the extent that a response can be made, these defendants deny the allegations of this Paragraph.

30. These defendants admit that they did not seize the inventory and financial books of the forest industries of Alabama. Otherwise denied.

31. Denied.

32. Denied.

33. Denied.

34. These defendants admit that Defendant Robinson was provided a copy of the investigation report.  Otherwise denied.

35. Denied.

36. Denied.

37. These defendants deny each and every allegation of the Complaint and demand strict proof thereof.

<u>**DEFENSES**</u>

**First Defense**

These defendants are entitled to qualified immunity.

**Second Defense**

To the extent that the Plaintiff complains of any act or omission that took place prior to February 17, 2004, the plaintiff's claims are barred by the applicable statutes of limitations.

**Third Defense**

Defendants assert the defense of collateral estoppel, or issue preclusion from the case *Paul Pogue v. International Paper Company*, Case No. 2:05-cv-00595-KD-C (S.D. Ala.).

**Fourth Defense**

Defendants assert the defense of res judicata, or claims preclusion from the case *Paul Pogue v. International Paper Company*, Case No. 2:05-cv-00595-KD-C (S.D. Ala.)

.

**Fifth Defense**

The Plaintiff failed to mitigate his damages.

**Sixth Defense**

Plaintiff's claims are barred by the doctrines of waiver and unclean hands.

**Seventh Defense**

Defendants did not violate the terms of any clearly established constitutional right of the Plaintiff.

**Eighth Defense**

The Plaintiff cannot recover punitive damages from these Defendants, because Defendants are government officials.  42 U.S.C. § 1981a(b)(1).  *Alexander v. Fulton County, Georgia*, 207 F.3d 1303 (11th Cir. 2000).

**Ninth Defense**

All actions of these Defendants with respect to the Plaintiff were taken for legitimate reasons and not for any unlawful discriminatory purpose.

8

**Tenth Defense**

The Plaintiff is estopped to re-litigate claims asserted in previous judicial or quasi-judicial proceedings and is estopped to offer testimony inconsistent with that given in any proceeding.

**Eleventh Defense**

Defendants are entitled to qualified, good faith, and discretionary function immunity.

**Twelfth Defense**

Defendants assert the defense of unclean hands.

**Thirteenth Defense**

The Plaintiff's Complaint fails to satisfy the heightened pleadings standards for claims brought pursuant to 42 U.S.C. Section 1983. These Defendants are not properly placed on notice of what specific acts they allegedly took which gave rise to the causes of actions asserted, and are, therefore, unable to prepare an appropriate defense.

**Fourteenth Defense**

Defendants plead the defense of estoppel by conduct.

**Fifteenth Defense**

Defendants plead the *Price Waterhouse/Mt. Healthy* defense and assert that Defendants would have taken the same actions for other, legitimate, non-discriminatory reasons.

**Sixteenth Defense**

Defendants would have taken the same actions with respect to the Plaintiff, irrespective of the Plaintiff's race.

**Seventeenth Defense**

The damages that Plaintiff may recover against Defendants in this action are subject to the damage limitations in 42 U.S.C. Section 1981(a) and (b).

**Eighteenth Defense**

Some or all of Plaintiff's claims have been waived.

**Nineteenth Defense**

To the extent that Plaintiff's claims are fraudulent, they are barred.

**Twentieth Defense**

Defendants are state actors and are not liable to the Plaintiff under 42 U.S.C. Section 1981.

**Twenty-first Defense**

Plaintiff's claim under 42 U.S.C. § 1981 merges into the claim asserted under 42 U.S.C. Section 1983, and is otherwise subject to the limitations imposed by *Jett v. Dallas Independent School District*, 491 U.S. 701, 109 S. Ct. 2702, 105 L.ED.2d 598 (1989). In asserting this affirmative defense, Defendants do not concede that Plaintiff has asserted viable claims under 42 U.S.C. Section 1981 and/or Section 1983.

**Twenty-second Defense**

Defendants are entitled to the absolute immunity provided by the Eleventh Amendment to the Constitution of the United States.

**Twenty-third Defense**

Defendants state in the alternative that they did not intentionally, willfully, or maliciously violate any of the statutes cited in the Complaint.

**Twenty-fourth Defense**

Defendants state that, to the extent that they are being sued for damages in their official capacities, the Complaint is an action against the State of Alabama which has not waived its Eleventh Amendment immunity to such suit and therefore this Court lacks jurisdiction.

### Twenty-fifth Defense

Defendants state that, to the extent that the Complaint seeks injunctive relief compelling them to perform some act or omission under state law, the Complaint is barred by the Eleventh Amendment and therefore this Court lacks jurisdiction to grant such relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).

### Twenty-sixth Defense

Defendants state that, to the extent that they are being sued for damages for loss of timber through unauthorized cutting, the damages are limited to double the fair market value of the removed timber. Code of Alabama 1975 Section 9-13-62.

### Twenty-seventh Defense

Defendants state that, to the extent that they are being sued for damages for loss of timber through willful unauthorized cutting, the damages are limited to the amounts set out in Code of Alabama 1975 Section 35-14-1.

### Twenty-eighth Defense

Defendants state that, by failing to join Mark Kynard as a party-defendant, the plaintiff has failed to join an indispensable party within the meaning of F.R.Civ.Pro. Rule 19.

12

**Twenty-ninth Defense**

Defendants state that, by failing to join Todd Slusher as a party-defendant, the plaintiff has failed to join an indispensable party within the meaning of F.R.Civ.Pro. Rule 19.

**Thirtieth Defense**

Defendants state that, by failing to join Jimmy Ingram as a party-defendant, the plaintiff has failed to join an indispensable party within the meaning of F.R.Civ.Pro. Rule 19.

RESERVATION OF OTHER DEFENSES

Defendants expressly reserve the right to assert other affirmative defenses as discovery proceeds.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL
BY:

s/Winfield J. Sinclair

Winfield J. Sinclair
Assistant Attorney General
Attorney No. ASB-1750-S81W

s/Linda C. Breland
Assistant Attorney General
Attorney No. ASB-1400-R80L

s/Charles T. Conway
Assistant Attorney General
Attorney No. ASB-4648-O73C

Attorneys for defendants
Chandler and Clark

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 3rd day of April, 2006, a copy of the foregoing

has been electronically filed with the Clerk of the Court using the CM/ECF system,

and that a copy of the same has been sent by First Class Mail to the plaintiff:

> Paul Pogue, pro se
> 301 Kahn Street
> Montgomery, Alabama 36104

and to the attorney for Sandy G. Robinson,

> Hon. Christopher Weller
> Cappell & Howard
> P.O. Box 2069
> Montgomery, Alabama 36102-2069

> s/Charles T. Conway
> Assistant Attorney General

Addresses of Counsel:

Winfield J. Sinclair
Office of the Attorney General
11 South Union
Montgomery, Alabama 36130
TEL: 334-242-7300
FAX: 334-353-8440
E-mail: wsinclair@ago.state.al.us

Linda C. Breland
Assistant Attorney General

Charles T. Conway
Assistant Attorney General

Alabama Forestry Commission
P.O. Box 302550
Montgomery, Alabama 36130
TEL: 334-240-9342
FAX: 334-240-9390
Linda.Breland@forestry.alabama.gov
Tom.Conway@forestry.alabama.gov

15