UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL POGUE and PAUL POGUE in his Capacity as Owner of SURVEYOR'S PARK, <br><br> Plaintiff <br><br> v. <br><br> TONY CHANDLER, et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 2:06-cv-00148-MHT-SRW

### MOTION TO DISMISS OF DEFENDANT SANDY G. ROBINSON

**COMES NOW** Sandy G. Robinson, one of the Defendants in the above-styled case and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves this Court to dismiss Plaintiff's Complaint against her for failure to state a claim.[1] In support of this motion, Defendant Robinson states as follows:

### I.    STATEMENT OF FACTS

1.    This action is the second *pro se* lawsuit filed by Plaintiff Paul Pogue regarding the removal of timber from a three-acre tract of his land located in Perry County, Alabama. In the first action filed on October 13, 2005, and currently pending in the United States District Court for the Southern District of Alabama, *Pogue v. International Paper Co.* (Civil Action No. CV-05-596-WS-C) (hereinafter, "*Pogue I*"), Plaintiff sued International Paper Company ("IPCo"), alleging that IPCo trespassed on his land, wrongfully cut and removed his timber, and converted the timber to its own use (hereinafter referred to as the "cut-over incident"). *See Pogue I* Complaint attached hereto as Exhibit "A".

---
[1] Although Defendant Robinson believes that she is entitled to dismissal of Plaintiff's Complaint for failure to state a claim, she reserves the right to plead and prove other affirmative defenses under Fed. R. Civ. P. 12(b), including lack of jurisdiction over the subject matter and insufficiency of service of process.

2. Defendant Sandy G. Robinson, who is a litigation partner with the firm of Cabaniss, Johnston, Gardner, Dumas & O'Neal in its Mobile office, was retained by IPCo to represent its interest in *Pogue I*. Apparently because of her representation of IPCo in *Pogue I*, attorney Robinson now finds herself to be one of several of Mr. Pogue's targets, as he has now named her as a Defendant in this action.

3. As set forth in Plaintiff's Complaint in this action, he has sued attorney Robinson and several employees of the Alabama Forestry Commission (the "Commission"), alleging that they conspired to discriminate against him on the basis of his race, African-American, in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981 and the Civil Rights Act of 1871, 42 U.S.C. §1983. Plaintiff Pogue seeks compensatory, punitive and injunctive relief against all Defendants for the alleged violations.

4. As best as can be ascertained from his Complaint, this action arises out of the same nucleus of operative facts made the basis of *Pogue I*. Plaintiff Pogue contends that IPCo and other entities acting on its behalf, including one Jimmy Ingram, allegedly a logger, wrongfully cut and removed trees from his land, which he describes as "Surveyor's Park." Complaint (Doc. no. 1) at ¶3(a). Plaintiff colorfully describes the cut-over incident as an " 'insurgency' and 'terrorist' style ground/soil damage and obliteration of unmanufactured forest products. . . ." *Id.* at ¶9.

5. Plaintiff contends that he reported the alleged wrongful removal of his timber to the Commission, but that Commission employees, including Defendants Tony Chandler and Danny Clark, "denied Plaintiff an opportunity to file a criminal complaint and together, and or in part, fabricated a forestry investigation, and failed to provide Plaintiff with the same and similar services as was provided to white citizens that experienced the same and similar treatment. . . ."

*Id.* at ¶22. Plaintiff further alleges numerous acts or omissions by Defendants Clark and Chandler regarding the conduct of the Commission's investigation of the alleged cut-over incident and, in particular, that they "failed to invoke the criminal procedure law against Jimmy Ingram (a white citizen), because of Plaintiff's race. . . ." *Id.* at ¶23 and ¶¶24-33.

6. With respect to attorney Robinson, Plaintiff Pogue essentially makes two allegations, both of which are vague and confusing. First, he alleges that attorney Robinson received a copy of the Commission's investigative report regarding the alleged cut-over incident for her use in IPCo's defense in the *Pogue I* action. *Id.* at ¶34. Second, Plaintiff nakedly asserts that attorney Robinson conspired with the Commission to falsify the truth as to IPCo's alleged involvement in the cut-over incident. *Id.* at ¶35. This alleged conspiracy is the linchpin by which Plaintiff Pogue attempts to impute the Commission's alleged conduct to attorney Robinson. Complaint (Doc. no. 1) at ¶¶37-40. As established below, Plaintiff's Complaint fails to state a claim against attorney Robinson under either §1981 or §1983 and, therefore, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   ARGUMENT

**PLAINTIFF FAILS TO STATE A CLAIM UNDER §1981 BECAUSE HE DOES NOT ALLEGE THAT HE HAS, OR WOULD HAVE, RIGHTS UNDER AN EXISTING OR PROPOSED CONTRACT WITH ATTORNEY ROBINSON THAT HE WISHES TO MAKE AND ENFORCE.**

7. Plaintiff fails to state a claim under §1981 because he does not (and cannot) allege that he has, or would have, rights under an existing, or proposed, contract with attorney Robinson that he wishes to make and enforce. In particular, §1981, originally §1 of the Civil Rights Act of 1866, 14 Stat. 27, has a specific function: It protects the equal rights of "[a]ll persons within the jurisdiction of the Unites States" to "make and enforce contracts" without respect to race. 42 U.S.C. §1981(a). *See also Domino's Pizza, Inc. v. McDonald*, 126 S.Ct.

3

1246, 1249 (2005). The statute currently defines "make and enforce contracts" to "includ[e] the making, performance, modification, and termination of contracts and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." §1981(b); *see also Domino's Pizza,* 126 S.Ct. at 1249; *Butts v. County of Volusia*, 222 F.3d 891, 893-94 (11th Cir. 2000). "Any claim brought under §1981 . . . must initially identify an impaired 'contractual relationship,' §1981(b), under which the plaintiff has rights." *Domino's Pizza*, 126 S.Ct. at 1249 (citing §1981(b)); *see also Webster v. Fulton County, Ga.*, 283 F.3d 1254, 1256 (11th Cir. 2002) (holding that "Section 1981 protects people, and some entities, from racial discrimination during the making of contracts"). An impaired contractual right under §1981 also "protects the would-be contractor along with those who already have made contracts." *Id*. at 1250. In sum, a contractual relationship (current or proposed) is the *sine qua non* of a §1981 claim. Consequently, "a plaintiff cannot state a claim under §1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce.' " *Id.* at 1252. (emphasis in original).

        8.      In the instant case, the allegations of the Complaint fail to state a claim under the "make and enforce contracts" provision of §1981. Plaintiff alleges only that attorney Robinson is a "for profit representative" of IPCo. Complaint (Doc. no. 1) at ¶6. He does not allege (nor could he) the existence of a contractual relationship, or potential contractual relationship, between himself and attorney Robinson that he wishes to make and enforce. Certainly, serving in a representative capacity as counsel for IPCo does not give rise to the contractual relationship required to state a claim under §1981. Neither does Plaintiff allege that attorney Robinson discriminatorily used her authority to prevent him from securing a contract with a third party. In sum, Plaintiff makes no allegations under the "make and enforce" provisions of §1981. *See e.g.,*

*Lewis v. J.C. Penney Co., Inc.*, 948 F. Supp. 367, 371 (D. Del. 1996) (dismissing plaintiff's §1981 claim and holding that "plaintiff must point to some contractual relationship with [the defendant] in order to bring her claim"); *Burns v. Odeon*, 1996 WL 501742, *10, n.6 (N.D. Ill. 1996) (holding that "a plaintiff fails to state a claim under Section 1981 if he fails to allege discrimination in the making or enforcement of a contract"). For this reason, the Court should dismiss Plaintiff's §1981 claim against attorney Robinson.

> **PLAINTIFF FAILS TO STATE A CLAIM UNDER §1983 BECAUSE ATTORNEY ROBINSON IS NOT A STATE ACTOR AND BECAUSE PLAINTIFF FAILS TO ALLEGE A CONSTITUTIONAL DEPRIVATION.**

9. The Court should also dismiss Plaintiff's §1983 claim against attorney Robinson because she is not a state actor under §1983 and because Plaintiff's conspiracy allegations are insufficient as a matter of law to transform attorney Robinson into a state actor. It is settled law that establishment of a §1983 claim requires a plaintiff to assert both an alleged constitutional deprivation and that the party charged with the constitutional deprivation is a person who may fairly be said to be a state actor. *American Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). In the instant case, it is clear that the actions of attorney Robinson, standing alone, would not qualify as actions committed by a person acting under color of state law, as required to state a §1983 claim. In fact, Plaintiff specifically identifies attorney Robinson as a "private actor." Complaint (Doc. no. 1) at ¶38.

10. Plaintiff apparently attempts to avoid dismissal by alleging that attorney Robinson conspired with the state actor Defendants to violate his constitutional rights in violation of §1983. Complaint (Doc. no. 1) at ¶¶ 35, 38. Plaintiff's conspiracy allegation, however, does not save his §1983 claim from dismissal under Rule 12 for several reasons. First, on its face, Plaintiff's conspiracy allegations against attorney Robinson -- that she conspired with

Commission employees to falsify the truth as to IPCo's involvement in the cut-over incident -- is nothing more than a bare, self-serving and conclusory allegation. Plaintiff does not articulate a single material fact necessary to properly allege a conspiracy between attorney Robinson and the state actor Defendants that could transform attorney Robinson into a state actor for purposes of §1983 liability.

11.  It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under §1983.[2] A complaint containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights is properly dismissed. As stated by the Eleventh Circuit in *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1991), "[f]or purposes of 42 U.S.C. §1983, the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons." Likewise, as stated in *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984), "[I]n civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it

---

[2]  Because "certain claims are so easily made and can precipitate such protracted proceedings with such disruption of governmental functions ... detailed fact pleading is required to withstand a motion to dismiss.  A claim of conspiracy to violate civil rights is a clear example." *Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir. 1981) (internal citations omitted).

6

contains are vague and conclusory."[3] In fact, courts routinely dismiss conspiracy-based §1983 claims against private actors where, as in this case, the complaint contains only bare allegations of a conspiracy and fails to specify how or when the defendants allegedly reached an agreement, its terms, or its scope. *See, e.g.*, *Ryan v. Mary Immaculate Queen Ctr.,* 188 F.3d 857, 860 (7th Cir. 1999); *James v. Scavoni*, 229 F.3d 1152 (6th Cir. 2000) (Table); *Fowler v. Littell*, 198 F.3d 245 (6th Cir 1999) (Table).[4]

12.    Magistrate Judge Boyd's recent decision in *Hundley v. Daniels*, 2005 WL 1389838 (M.D. Ala. 2005), cogently illustrates the heightened pleading requirement applicable when a plaintiff seeks to impute to a private actor §1983 liability based upon the existence of an alleged conspiracy. In *Hundley*, the plaintiff inmate alleged that a private actor employee of the

---

[3] *See also Dwares v. City of New York*, 985 F.2d 94, 199 (2d Cir. 1993) (holding that complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct); *Marino v. Mayger*, 118 Fed. Appx. 393 at 405 (10th Cir. 2004) (holding that "a plaintiff fails to state a claim for conspiracy absent specific facts showing a 'meeting of the minds' among the alleged co-conspirators"); *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994) (holding that a plaintiff fails to state a claim for conspiracy absent specific facts showing a "meeting of the minds" among the alleged co-conspirators); *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993) (in order to state a § 1983 conspiracy claim, a complaint must contain more than conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under §1983."); *Velez v. Hayes*, 346 F. Supp. 2d 557, 561 (S.D.N.Y. 2004) (complaints alleging only vague or conclusory accusations of conspiracy by private actors under §1983 and no specific facts of wrongdoing are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)); *Prince v. Campbell*, 314 F. Supp. 2d 793, 795 (N.D. Ill. 2004) (holding that vague and conclusory allegation that a conspiracy existed is not sufficient to state a claim; a complaint must contain factual allegations suggesting that defendants reached a meeting of the minds); *Pollack v. Nash*, 58 F. Supp. 2d 294, 300 (S.D.N.Y. 1999) (holding that "complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed: diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct); *Bryant-Bruce v. Vanderbilt University, Inc.*, 974 F. Supp. 1127, 1142-43 (M.D. Tenn. 1997) ("it is well-settled that conspiracy claims "must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under Section 1983"); *Shelton v. Schneider*, Slip Copy, 2006 WL 59364, *4 (N.D. Ill. 2006) (holding that a plaintiff must allege more than mere allegations of a conspiracy).

[4] Although *pro se* plaintiffs are entitled to liberal pleading standards, they cannot completely avoid the pleading requirements of the Federal Rules of Civil Procedure. *See Parks v. City of Carrollton*, Slip Copy, 2005 WL 2219072, *4 (11th Cir. 2005) ("We have held that pro se litigants, while entitled to liberal construction of their pleadings, are required to conform to procedural rules."); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (same); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("once a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). A *pro se* plaintiff must make an effort to provide some details of time and place and the alleged effect of the conspiracy. *See* 2A *Moore's Federal Practice* ¶ 8.17 [6], at 8-109 to 8-110 (2d ed. 1992)).

Montgomery Area Food Bank ("MAFB") conspired with corrections officials to violate his constitutional rights under §1983 by failing to train him adequately for his job assignment. Plaintiff alleged that he suffered an ankle injury as a result of that failure to train. The sole substance of the plaintiff's conspiracy claim against the private actor employee was that he "acted in concert" with the other defendants and "thereby committed conspiracy under 18 U.S.C. §§241 and 242." *Hundley*, 2005 WL 1389838, at *1. The plaintiff alleged no facts regarding how MAFB and the other defendants had "reached an understanding" to deny the plaintiff his constitutional rights. Consequently, Magistrate Judge Boyd recommended dismissal of the plaintiff's conspiracy-based §1983 claim against the MAFB employee. The text of her rationale is particularly compelling in this case:

> To the extent Hundley asserts that defendant Welch conspired with correctional officials to violate his constitutional rights in violation of 42 U.S.C. §1983, he is likewise entitled to no relief. As previously noted, in order to maintain such an action, the conduct complained of must have been committed by a person acting under color of state law. However, in an effort to avoid dismissal of his claims against defendant Welch, the plaintiff alleges that this individual acted in concert with defendants Daniels and Howard in assigning him to a task for which he had not received appropriate training.
>
> A conspiracy claim justifiably may be dismissed because of the conclusory, vague, and general nature of the allegations of a conspiracy. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). The court has carefully reviewed the plaintiff's complaint. At best, the plaintiff's assertions are self serving, purely conclusory allegations that fail to assert those material facts necessary to properly allege a conspiracy between Mr. Welch and the correctional defendants such that Welch is transformed into a state actor. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy between private individuals and state actors, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (simply "stringing together" acts, without showing contacts between private persons and state actors which could

> prove that these parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy).
>
> Hundley has merely set forth a series of events which allegedly resulted in a violation of his constitutional rights. In light of the foregoing, the court concludes that the plaintiff's bare allegation of a conspiracy involving his supervisor at the Montgomery Area Food Bank and the correctional defendants is insufficient to support a claim for relief against defendant Welch under 42 U.S.C. §1983. *Harvey*, 949 F.2d 1133; *Fullman*, 739 F.2d at 556-557.

*Hundley*, 2005 WL 1389838 at *2.

13. As in *Hundley*, Plaintiff Pogue's §1983 claim against attorney Robinson is based on a bare allegation that she conspired with Commission employees to falsify the truth as to IPCo's alleged involvement in the cut-over incident. Complaint (Doc. no. 1) at ¶35. Plaintiff does not allege *any* material facts in support of his claims that attorney Robinson "conspired" with any state actor Defendants or that she and the state actor Defendants "reached an understanding" to deny Plaintiff his constitutional rights as would transform attorney Robinson into a state actor under §1983. In fact, the only activity Plaintiff alleges between attorney Robinson and Commission employees is her receipt of a copy of the Commission's investigative report regarding the cut-over incident.[5]

14. In sum, Plaintiff merely attempts to string together alleged acts without showing any contacts between attorney Robinson and Commission employees which could prove that the parties "reached an understanding" to violate his rights. Such conspiracy allegations are insufficient as a matter of law for purposes of transforming a private actor into a state actor under §1983. *See Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992); *Strength v. Hubert*, 854

---

[5] In the actual count against attorney Robinson, Plaintiff does not even allege that attorney Robinson conspired with the state actor Defendants. Rather, he alleges that "International Paper Company did conspire with the state actors and with its private actor Sandy Robinson to damage the rights and freedoms of Plaintiff. …" Complaint (Doc. no. 1) at ¶38.

F.2d 421, 425 (11th Cir. 1988).

15.     Second, the Court should dismiss Plaintiff's §1983 claim because he fails to allege any action by attorney Robinson that would constitute a deprivation of his constitutional rights. As previously noted, in addition to the state actor requirement, the establishment of a §1983 claim requires the plaintiff to assert and establish a constitutional deprivation by the defendant. *See American Manufacturers*, 526 U.S. at 50; *see also Marino v. Mayger*, 118 Fed. Appx. 393 at 405, n.8 (10th Cir. 1004) (holding that there must be "an underlying constitutional deprivation" to support a conspiracy claim for purposes of imputing liability to a private actor).[6] In the instant case, however, the predicate act made the basis of Plaintiff's conspiracy claim, *i.e.*, that she received a copy of the Commission's investigative report and used it to defend IPCo's interest in the *Pogue I* litigation, does not constitute a deprivation of his constitutional rights. For this additional reason, the Court should dismiss Plaintiff's §1983 claim against attorney Robinson.

**WHEREFORE, PREMISES CONSIDERED**, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Sandy G. Robinson respectfully moves this Court to dismiss Plaintiff's Complaint against her for failure to state a claim.

Respectfully submitted this 4th day of April, 2006.

---

[6] *See also Shelton v. Schneider*, Slip Copy, 2006 WL 59364, *4 (N.D. Ill. 2006) (holding that a violation of state law cannot be the basis for any liability under §1983).

Respectfully submitted,

s/Christopher W. Weller
Christopher W. Weller (WEL020)
Attorney for Sandy G. Robinson

**OF COUNSEL**

Capell & Howard, P.C.
P.O. Box 2069
Montgomery, Alabama  36102-2069
(334) 241-8000

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 4th of April, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Paul Pogue, Pro Se
& Surveyors' Park
301 Kahn Street
Montgomery, Alabama 36104

Winfield J. Sinclair
Charles T. Conway
Linda Breland
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130

s/Christopher W. Weller
OF COUNSEL
