IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL POGUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06CV148-MHT |
| ) | |
| TONY CHANDLER, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Paul Pogue, proceeding *pro se*, brings this action against defendants Tony Chandler and Danny Clark – employees of the Alabama Forestry Commission – in their individual and official capacities. He also sues Sandy G. Robinson, described in the complaint as a "for-profit professional representative for International Paper Company." (Complaint, ¶ 6). Plaintiff alleges, *inter alia*, that property he owns in Perry County ("Surveyors' Park") "sustained and experienced 'insurgency' and 'terrorist' style ground/soil damage and obliteration of unmanufactured forest products," that he discovered "hidden timber theft equipment" believed to belong to Jimmy Ingram on the property, that his property was "invaded by a 'blue van' occupied by seven white citizens" and that "[o]il and other environmental hazardous debris were left on the ground." (Id., ¶¶ 9, 12-16, 32). Plaintiff further alleges that he complained to the Alabama Forestry Commission, that Commission employees were greeted by an International Paper Company employee on plaintiff's property before plaintiff arrived, and that although plaintiff voiced his concerns about the condition of the property to defendant Clark and provided him with a news release

about the property, Clark failed to prepare a report about the theft of property and failed to seize Ingram's equipment. (Id., ¶¶ 17-21).

Plaintiff further asserts that defendants Clark and Chandler: (1) denied plaintiff an opportunity to file criminal complaints; (2) fabricated a forestry investigation; (3) failed to provide plaintiff with the same services provided to white citizens who experienced the same treatment involving Ingram's equipment; (4) failed to invoke criminal law against Ingram (a white citizen) because of plaintiff's race; (5) failed to provide Alabama Forestry Commission services pursuant to the Alabama Forestry Commission's Forestry and Related Laws publication or invoke the enforcement provisions of that publication; (6) failed to "track down and preserve Surveyors' Park unmanufactured forest products before they escaped to the primary and secondary forest industries; (7) failed to arrest the trespassers; (8) failed to arrest the people and/or primary and secondary forest industries "who came in contact with Plaintiff's Surveyors' Park un-manufactured and manufactured forest products;" (9) failed to visit or inspect the primary and secondary forest industries "to determine the rightful Macon County, Alabama fiber property owner;" (10) failed to "seize the inventory and financial books of the forest industries of Alabama to locate the unmanufactured and manufactured forest products of Surveyors' Park;" (11) "manipulated the acts and events to such an extent that their failures to report the truth by design have a negative impact on Plaintiff's ability to report the whereabouts of Surveyors' Park unmanufactured and manufactured forest products;" (12) attempted to mislead Plaintiff to believe and accept a Macon County, Alabama forest product report to be that of Plaintiff's forest products report

which would have originated in Perry County;" and (13) refused to fax the Alabama Forestry Commission's report to plaintiff but "aided and abetted" International Paper Company by faxing the "pretext of a cover up report" to International Paper Company.  (Id., ¶¶ 22-33).

With regard to defendant Robinson, plaintiff alleges that: (1) the report "was discovered to be in the custody and control of a white citizen, Sandy G. Robinson" and that "said report and its entirety was used or otherwise fabricated for the use of deflecting Plaintiff's federal efforts to redress a grievance by invoking the tort theory of conversion against International Paper Company;"[1] (2) Robinson "conspired with the Alabama Forestry Commission employees, Clark and Chandler to falsify the truth as to International Paper Company involvement and contact with Plaintiff's Surveyors' Park's manufactured and unmanufactured forest products;" (3) "International Paper Company did conspire with the state actors and with its private actor Sandy G. Robinson to damage the rights and freedoms of Plaintiff and Plaintiff's right and rights to redress a grievance free from the acts of state employees in concert with a private actor for the benefit of a private company or corporation; namely International Paper Company;" (4) "Chandler and Clark did all that they could do to unlawfully help, and assist Sandy G. Robinson to reap profit from her services as a professional for hire . . . by releasing a pre-text of a 'cover up' report."  (Id., ¶¶ 34, 35).

---

[1] In her motion to dismiss, defendant Robinson indicates that she is an attorney who represents International Paper Company in plaintiff's pending lawsuit in the Southern District.  On the present motion to dismiss, however, the court considers only the allegations of the complaint.  The court has not considered the exhibit attached to Robinson's motion, which is a copy of the complaint in Pogue v. International Paper Company, Civil Action No. 05-596-KD-C (S.D. Ala.).

Plaintiff brings a § 1983 claim against Robinson asserting a violation of 42 U.S.C. § 1981(a) and a claim asserting a violation of "42 U.S.C. § 1985 and the Alabama Constitution."[2] This action is presently before the court on the motion to dismiss filed by defendant Robinson (Doc. # 13). Upon consideration of the motion and plaintiff's response, the court concludes that the motion is due to be granted.

## Rule 12(b)(6) Standard

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." Dacosta v. Nwachukwa, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).

---

[2] Plaintiff has designated two counts in his complaint as "Count One," both asserting a "[v]iolation of 42 U.S.C. § 1981(a) under 42 U.S.C. 1983." (Complaint, pp. 9-10). A third count – asserting a claim of "[v]iolation of 42 U.S.C. § 1985 and the Alabama Constitution – is designated as "Count Two." Plaintiff has not alleged which provision of the Alabama Constitution he contends has been violated and the court is unable to determine the basis for this claim. Accordingly, the court treats "Count Two" of the complaint as a conspiracy claim pursuant to 42 U.S.C. § 1985 only.

## DISCUSSION

Robinson argues that plaintiff's complaint is due to be dismissed because: (1) plaintiff has not alleged that he has rights under an existing or proposed contract; (2) plaintiff has not alleged sufficient facts to demonstrate that Robinson is a "state actor;" (3) plaintiff does not allege an underlying constitutional violation; and (4) plaintiff's conspiracy allegations are conclusory and insufficient as a matter of law.

Defendant argues that plaintiff fails to state a claim under § 1981 because he has failed to allege that he has rights under an existing or proposed contract with Robinson. See Domino's Pizza, Inc. v. McDonald, 126 S.Ct. 1246, 1249 (2006)("Any claim brought under § 1981, therefore, must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights."). However, the right to be free of discrimination in making and enforcing contracts is not the only right provided by § 1981. The statute provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). "To state a claim of race discrimination under § 1981, plaintiff[] must allege facts establishing: (1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." Jackson v. BellSouth

Telecommunications, 372 F.3d 1250, 1270 (11th Cir. 2004);[3] see also Amini v. Oberlin College, 440 F.3d 350, 358 (6th Cir. 2006)(same); Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc., 409 F.3d 833, 837 (7th Cir. 2005)(same); Causey v. Sell Cadillac-Chevrolet, Inc, 394 F.3d 285, 288-89 (5th Cir. 2004)(same).  Plaintiff's § 1981 claim is expressly predicated on one of the other enumerated rights – *i.e.,* to the "full and equal benefit of all laws and proceedings for the security of property as is enjoyed by white citizens" (Complaint, ¶ 42) – and not on the right to make or enforce contracts.  Defendant is not entitled to dismissal of this claim on the basis of plaintiff's failure to allege the existence of a contract.

However, defendant correctly argues that plaintiff's allegations are insufficient to demonstrate that she is a state actor, as required to support a § 1983 claim.

42 U.S.C. § 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To be entitled to relief under the statute, the plaintiff must show that defendant deprived him of a right secured to him by the Constitution or federal law and that the deprivation occurred "under color of state law," *i.e.*, that the alleged actions are "'fairly

---

[3] The rights at issue in Jackson were the rights to make and enforce contracts, to sue, and to give evidence.  Jackson, *supra*, 372 F.3d at 1270.

attributable to the State.'" Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citations omitted).

> For a defendant's actions to be fairly attributable to the state, '[f]irst, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible . . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.'"

Id. (citation omitted). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes. The Eleventh Circuit recognizes three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test." Id. A private entity may be found to be a state actor under the public function test when it is "given powers (or perform[ing] functions) that are 'traditionally the *exclusive* prerogative of the State.'" Id. at 1131 (citations omitted)(emphasis in original). The state compulsion test is applicable where the state has "'exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice [made by the private entity] must in law be deemed to be that of the State.'" Nobles v. Alabama Christian Academy, 917 F. Supp. 786, 788-89 (M.D. Ala. 1996)(quoting Rendell-Baker v. Kohn, 457 U.S. 830, 840 (1982)). "The nexus/joint action test involves situations where the government has 'so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise.'" Harvey, *supra*, 949 F.2d at 1131 (citation omitted); see also Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). Only the nexus/joint action test is potentially implicated by the allegations of plaintiff's complaint.

Plaintiff's conclusory allegations of Robinson's participation in a conspiracy – set forth *supra* at p. 3 – are wholly inadequate to support either his § 1985 civil conspiracy claim or the state action requirement of his § 1983 claim. It is well-established that a plaintiff asserting such claims must plead material *facts* demonstrating that the defendants reached an agreement to violate his rights.

> In civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed. A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy.

Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984)(citations omitted). See also Harvey, *supra*, 949 F.2d at 1133; Kearson v. Southern Bell Telephone & Telegraph Company, 763 F.2d 405, 407 (11th Cir. 1985); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Montford v. Moreno, 2005 WL 1369563, **7-8 (11th Cir. Jun. 9, 2005)(upholding dismissal of *pro se* complaint alleging that defendants conspired because of his race to deny him equal privileges and immunities under the law by concealing evidence in a federal lawsuit, intentionally lying to cover up the conspiracy, and bringing about the dismissal of his federal claims; allegations held to be conclusory and insufficient to support a § 1985 claim). Construing plaintiff's complaint liberally, as it is required to do, the court concludes that plaintiff has failed to allege operative facts sufficient to support his conclusory allegation that Robinson conspired with Clark and Chandler. Accordingly,

plaintiff's claims against defendant Robinson are due to be dismissed.[4]

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendant Robinson's motion to dismiss (Doc. # 13) be GRANTED, and that plaintiff's claims against her be DISMISSED without prejudice.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before May 4, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

---

[4] See Jackson v. Bellsouth Telecommunications, 372 F.3d 1250, 1262-63 (11th Cir. 2004)("'Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist. . . . Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal. . . . To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims.'")(citations omitted).

Done, this 21st day of April, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE