IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL POGUE and <br> PAUL POGUE, in his capacity <br> as owner of SURVEYORS' PARK <br><br> Plaintiff, <br><br> Vs. <br><br> TONY CHANDLER, in his <br> individual and official <br> capacity, **SANDY G.** <br> **ROBINSON**, a for-profit <br> Representative of INTERNATIONAL <br> PAPER COMPANY, DANNY CLARK, in <br> his individual and official <br> capacity, and A, B, & C who <br> are those people, partnerships, <br> associates, corporations or <br> agents who participated in the <br> actions made the basis of this <br> Complaint and who are <br> presently unknown to the <br> Plaintiff, but who will be <br> added as Defendants when <br> ascertained. <br><br> Defendants. | Civil Action No. <br> 2:06-cv-148-MHT <br><br> Jury Demand |

### Plaintiff's Concise Brief In Support of Plaintiff's Objection to the Magistrate Judge's Recommendation

Comes now Paul Pogue, in his individual capacity and in his capacity as owner of Surveyors Park, and offers this concise brief in support of the Objection to the Magistrate's 4-21-06 Recommendation.

1

*Procedural History*

On February 17, 2006, Paul Pogue filed a lawsuit against Sandy G. Robinson and others. On April 4, 2006, Sandy G. Robinson's attorney filed a motion to dismiss with an exhibit attached. On April 4, 2006, U.S. Magistrate Judge Susan Russ Walker issued an Order in response to Ms. Robinson's motion to dismiss. The Order states as follow:

> "This action is presently before the court on the motion to dismiss filed by Defendant Robinson on April 4, 2006 (Doc. #13). **Upon consideration of the motion**, it is ORDERED that plaintiff is DIRECTED to respond to the motion on or before April 17, 2006..." See Exhibit "S" attached

On April 17, 2006, Plaintiff filed with the court a response to Sandy G. Robinson's motion to dismiss. On April 21, 2006, Magistrate Judge Walker issued a recommendation which granted Robinson's motion to dismiss. On May 4, 2006, Plaintiff files this concise brief in support of Plaintiff's statement of objection. Plaintiff contends that the recommendation of the Magistrate Judge Walker amounts to de facto counseling for the defendant Sandy G. Robinson and selective service tailored to benefit Sandy G. Robinson. The procedural flaws are emphasized below.

2

*Plaintiff's contention*

The Magistrate failed to follow standard practices and procedures, after issuing the 4-04-06 Order which compelled Plaintiff to respond to the motion to dismiss. The 4-4-06 Order is key to understanding, if the Magistrate followed standard practices and procedures. Since Ms. Robinson's motion to dismiss included a FRCP 56 type exhibit, the Magistrate should have handled the matter under Rule 56 as a motion for summary judgment and not under Rule 12(b)(6). Standard practices and procedures require that a Rule 56 participant/respondent be given a ten day notice along with the other procedures involved.

Plaintiff further claims that the 4-4-06 Order is violative of standard practices in aftermath. The act done by the Magistrate runs a foul of the rules of the court and rules of procedure that speaks to equal access and due process that attaches to the right of the respondent/participant to enjoy meaningful access to the courts. In essence, after Plaintiff responded to the motion to dismiss, the Magistrate revealed that she had ignored or voided the motion to dismiss and instituted her own version of a motion to dismiss, which altered, changed and/or is different from the motion to dismiss filed by Robinson. In practice, a magistrate does have authority to

3

evaluate pre-trial matters, but, in this case she failed to issue "a new" order different from the 4-4-06 Order that would have given Plaintiff fair notice that would have given Plaintiff an opportunity to prepare and respond to the new motion to dismiss without exhibit. Plaintiff would have then prepared differently and arrived at a different conclusion had plaintiff received due process.

A magistrate can not issue an Order and then proceed to evaluate matters that require consideration of a responding party without giving fair notice and an opportunity to respond to the respondent when the initial order and dispostive instrument be reformed, changed or altered. In state court, the pro se plaintiff would be directed to the case of Cooper v. Adams, 295 Ala. 58, 61, 322 So. 2d 706, 708 (1975), and in federal court, the pro se plaintiff would be referred to the case of Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

The Magistrate's attempt to deflect the error made by the defendant in labeling her motion a 12(b)(6) motion when in fact it was a FRCP 56 motion can not be "white washed" in the procedural scheme that would withstand standard procedural practice. See McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L.Ed. 2d 21 (1993). The Magistrate failed to heed the assigned task by

4

breaching the standard recognized in the case of <u>Scheure v. Krause</u>, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). See also, court limitations pursuant to <u>Powell v. Lennon</u>, 914 F.2d 1459 (11th Cir. 1990). <u>Hales v. First National Bank</u>, 387 So. 2d 797 (Ala. 1980).

*Conclusion*

"Hooky Poky" activity should not prevail, and Plaintiff has elected to follow the rules of civil procedural and other monuments of legal authority that safeguards due process and fair play in the judicial arena.

*Relief requested*

That the honorable judge vacates the recommendation on procedural grounds and remand the matter back to the honorable magistrate judge Walker.

Done, this 4th day of May April, 2006.

Respectfully submitted,

PAUL POGUE and PAUL POGUE
FOR SURVEYORS' PARK
301 Kahn Street
The Mays Building
Montgomery, Alabama 36104
(334) 561-2240

## Certificate of Service

I hereby certify that I have served by U.S. Mail the foregoing with the Clerk of the Court and a copy of the same to the following persons and addresses to wit:

Honorable Sandy G. Robinson
63 South Royal Street, Suite 700
Mobile, Alabama 36602

Honorable Danny Clark
1349 County Road No. 61
Clanton, Alabama 35046

Honorable Tony Chandler
2584 Ridge Road
Brewton, Alabama 36426

Honorable Christopher Weller
P.O. Box 2069
Montgomery, Alabama 36102

Honorable Charles T. Conway
P.O. Box 302550
Montgomery, Alabama 36130

Done this 4th day of May 2006.

Respectfully Submitted,

Paul Pogue