IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

RECEIVED
2007 APR -2 P 5: 52
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| PAUL POGUE and <br> PAUL POGUE, IN HIS CAPACITY <br> AS OWNER OF SURVEYORS' PARK <br><br> Plaintiff, <br><br> Vs. <br><br> TONY CHANDLER, IN HIS INDIVIDUAL <br> AND OFFICIAL CAPACITY, SANDY G. <br> ROBINSON, A FOR –PROFIT REPRESENTATIVE <br> OF INTERNATIONAL PAPER COMPANY, <br> DANNY CLARK, IN HIS INDIVIDUAL AND <br> OFFICIAL CAPACITY, AND A,B, & C WHO <br> ARE THOSE PEOPLE, PARTNERSHIPS, <br> ASSOCIATES, CORPORATIONS OR AGENTS <br> WHO PARTICIPATED IN THE ACTIONS MADE <br> THE BASIS OF THIS COMPLAINT AND WHO <br> ARE PRESENTLY UNKNOWN TO THE <br> PLAINTIFF, BUT WHO WILL BE ADDED AS <br> DEFENDNATS WHEN ASCERTAINED. | Civil Action No. 2:06cv148-MHT <br> Jury Trial Demanded <br><br> Pleading Legal authority: <br> FRCP 56/59/60 <br> FRCP 12 <br> Case Scheduling Order <br> U.S. 14 Amendment <br> U.S. 1st Amendment <br> Title No. 28, U.S. C. R-72-73 <br> 28 U.S.C. -636 <br> Ala. Related Forestry Laws <br> Ala. Const. Bill of Citizens Rights |

### Plaintiffs' FRCP 59 and FRCP 60 motion for relief from dismissal of the lawsuit

Comes now the plaintiffs Paul Pogue and Surveyors Park and make this timely motion in the district court under the Federal Rules of Civil Procedure and should this motion be denied and or *fail, grant unto the Plaintiffs the full and appropriate jurisdictional time to appeal the Final Judgment and Opinion of the Honorable District Court Judge.

The plaintiffs state the following in support of their position that the final rulings of the Honorable District Judge should be reconsidered and that relief should be granted.

---

*Time and time again, the plaintiff keeps coming up short, and the joy of "chance Victory" somehow insulates the plaintiff from the true and intended sting of defeat.

Page 1 of 4

**The Duties of the U.S. Magistrate Judge**

1. The Honorable Magistrate Susan Russ Walker's amended Recommendation is void and involation of the due process clause of the 14th Amendment of the United States Constitution . The workings of her amended Recommendation violates the fair play doctrine usually observed in all civil cases.
2. The Honorable Magistrate Susan Russ Walker's amended Recommendation runs afoul to the authority and duties of the United States Magistrate Judge and the workings of her amended Recommendation violates the rules of perpetuity. The amended Recommendation is tantamount to an encroachment on the expected rights of the plaintiffs. Plaintiffs' rights to expect finality. The finality rule and collateral spirit is due to be observed.

**Party Defendant Tony Chandler**

Tony Chandler, a named defendant, filed an untimely motion to dismiss, in violation to the scheduling order and is thus, due to be dismissed. See docket sheet entry in support of the truth of the claims by the plaintiff that the motion to dismiss filed by Toney Chandler is due to be stricken and a different outcome should be rendered under the circumstances.

Tony Chandler, in his individual capacity, was cited in the original complaint of the plaintiffs because he ignored the Alabama Forestry Related Laws and actually presented foreign tickets as the tickets of plaintiffs. Surely state and federal law apply to the actions of Chandler.

**Party Sandy G. Robinson, a for profit representative of International Paper Company**

Sandy G. Robinson, a named party defendant, filed a motion to dismiss and the plaintiffs responded and the Magistrate altered Sandy G. Robinson's motion. The spirit of fair play was truly violated and the snatch back actions perpetrated by the Magistrate and Robinson are due to be reversed.

Danny Clark, a named defendant, filed an untimely motion to dismiss, in violation of the Scheduling Order and is thus due to be dismissed. See docket sheet entries in support of the truth of the claims by the plaintiff that the motion to dismiss filed by Danny Clark is due to be stricken and a different outcome is to be rendered under the circumstances.

Danny Clark, a named defendant, in his individual capacity, was cited in the original complaint of the plaintiffs, because he ignored the Alabama Forestry Related Laws and actually presented foreign tickets as the tickets of plaintiffs. Surely state and federal law apply to the actions of Clark.

Party Defendants Tony Chandler; Danny Clark and Sandy G. Robinson together did infact conspire to deny plaintiffs basic freedoms and in fact used their position and status to frustrate

the truth as to public service delivery services usually enjoyed by white citizens. The exhibit of Clark and Chandler pins the truth to the early claims of the Plaintiffs that a conspiracy did occur to further the for-profit needs of Sandy G. Robinson and the International paper Company.

Plaintiffs' contentions are:

Plaintiffs did not receive the benefits of the discovery rules.
Plaintiffs did not receive services within the scope of the Magistrate's authority.
Plaintiffs were violated by acts of Magistrate which amount to defacto counseling.
The Motion to dismiss filed by Sandy G. Robinson was altered and simultaneously ruled upon by the Magistrate Judge in violation of fair play.
The Magistrate Judge overlooked the civil rights laws that apply to conspiracy claims.
Dismissed Sandy G. Robinson from the case before releasing a scheduling order.
The Motion to dismiss filed by Tony Chandler was altered and simultaneously ruled upon by the Magistrate Judge in violation of fair play.
Tony Chandler is subject to the Federal Rules of Discovery
Danny Clark is subject to the Federal Rules of Discovery.
Sandy G. Robinson is subject to the Federal Rules of Discovery.
The Magistrate Judge, in a constructive way denied Plaintiffs the full and complete benefits of the discovery process.
The motion to dismiss filed by Danny Clark was altered and simultaneously ruled upon by the Magistrate Judge in violation of fair play.
The Magistrate Judge's Recommendation was altered and simultaneously ruled upon by the Magistrate Judge in violation of fair play.
The Magistrate held up the complaint and summons operative effect and her reason was postal and phone; intended solely to deflect the force and effect of the Plaintiff's lawsuit.
Plaintiffs did participate in the discovery process and surely revealed what the inquiries wanted to know that certainly went far beyond Forestry Commission matters.
The Magistrate Judge held a scheduling conference and prematurely issued a scheduling order over the objection of the Plaintiffs.
The Magistrate Judge pretended that **301 Kahn Street address was a problem but it is well known by the U.S. Eleventh Circuit Court to be the address of Plaintiff Pogue.

Plaintiffs further contend that no court house participant should be subjected to a non-exhaustive list of circumstances under which a judge's impartiality might reasonably be questioned.

---

** What people want to do to derail a case. High tech sabotage and distance commands with intent to destroy the plaintiffs case. In truth, the U.S. 11 Circuit has the address. Plaintiff Pogue has participated before the U.S. 11 Circuit Court of Appeals.

Page 3 of 4

Wherefore, plaintiffs ask that this Honorable District Court Judge conduct a new hearing and consider the Debra P. Hackett's case file records, a make his own determination on the basis of the Clerk's record. Also, the Honorable District Court Judge is asked to receive further evidence, reverse the dismissal decision and recommit the matter to the magistrate judge with instructions.

Respectfully submitted

FOR PAUL PGOUE
SURVEYORS' PARK
301 Kahn Street
The Mays Building
Montgoemry, Alabama 36104
334- 782-8380

Done this _____ day of April 2007.

Certificate of Service

I hereby certify that on the 2nd day of April, a copy of the foregoing has beed filed with the Clerk of the Court and that a copy of the same has been sent by first class mail to the defendants.

Linda C. Breland and Charles T. Conway
P.O. Box 302550
Montgomery, Alabama 36130

James W. Davis
11 South Union Street
Montgoemry, Alabama 36130